DANIEL S. DICKERMAN *vs.* SAMUEL. W. GRAVES.

In an action on the case brought by a husband for criminal conversation with his wife, the latter, after a divorce from the bonds of matrimony, is a competent witness for the plaintiff, to prove the charge in the declaration.

THIS was an action on the case, tried before *Fletcher*, J., in this court, for the criminal conversation of the defendant with the plaintiff's wife.

The plaintiff, having first proved that the bonds of matrimony between him and his wife had been dissolved by a decree of this court, subsequent to the time of the alleged criminal intercourse, offered the wife as a witness to prove the charge in the declaration.   The defendant objected to the witness as incompetent; but the judge ruled otherwise, and allowed her to testify.

The jury found for the plaintiff, and the defendant excepted.

*J. H. Clifford* and *H. Pratt*, for the defendant.

*N. Morton*, for the plaintiff.

FLETCHER, J.   The simple question in this case is, whether the testimony of the wife was rightfully admitted.

There is no principle in the law, and no adjudged case, which would authorize the exclusion of this testimony; on the contrary, it has been expressly adjudged, that a witness, situated precisely as this witness is, was competent, and such testimony admissible.   It is a well-settled general rule, that a husband and wife, while that relation exists, cannot testify for or against each other.   The reasons of this rule are obvious and familiar. This rule is subject to some exceptions, as where a husband commits an offence against the person of his wife.   The law does not seem, however, to be entirely settled, how far, in a collateral case, a wife may be examined on matters in which her husband may be eventually interested.   But in this case, the witness, when called, had been divorced; she was no longer the wife of the plaintiff; there was nothing, therefore, in her existing relation to the plaintiff, which rendered her incompetent.

But the objection to her competency rests on the fact, that she had been the wife of the plaintiff; and it is maintained that though she had been divorced, yet that by the rule of law

she was incompetent to testify to any thing that occurred, even her own criminal act, during the coverture. The proposition is no doubt fully established by the authorities, that even after the dissolution of the marriage contract, the husband and wife are not in general admissible to testify against each other, as to any matters which occurred during the existence of that relation. The cases on this point are numerous and conclusive. *Monroe* v. *Twisleton*, Peake's Add. Ca. 219; *Doker* v. *Hasler*, Ry. & Mo. 198; *Barnes* v. *Camack*, 1 Barb. 392; *State* v. *Jolly*, 3 Dev. & Bat. 110; 1 Greenl. Ev. §§ 337, 338; *State* v. *Phelps*, 2 Tyler, 374. Mr. Phillips, in his treatise on evidence, (1 Phil. Ev. 83; Ib. 3d Am. ed. 75,) thus states the reason of the rule : " This, as lord Ellenborough has said, is on the ground, that the confidence, which subsisted between them at the time, shall not be violated in consequence of any future separation. Thus one great source of distrust is removed, by making the confidence, which once subsists, ever afterwards inviolable in courts of law."

The general rule, that the husband and wife are not competent to testify against each other, as to what occurred during the marriage relation, even after the marriage contract is dissolved, is no doubt a wise and salutary rule. The object of the law is, that the most entire confidence may exist between those sustaining the relation of husband and wife, and that there may be no apprehension, that such confidence can ever at any time or in any event be violated, so far at least as regards any testimony or disclosure in a court of law.

But the case now under consideration comes neither within the rule nor the principle of the rule. The wife was not called here to testify *against* the husband, but on the contrary she was called to testify, and did testify, in his favor, and on his behalf. She herself made no objection, but testified freely and voluntarily. There was and would be no violation of any confidence reposed in her by the husband, for he himself called her to testify, and she testified wholly at his request, and by his procurement. There is nothing, therefore, in the rule of law on this subject, which would warrant the exclusion of the testimony of this witness in the present case.

The case of *Ratcliff* v. *Wales*, 1 Hill, 63, is precisely like the present. It was an action for criminal conversation with the plaintiff's wife. The plaintiff, after showing a divorce *a vinculo matrimonii*, called his former wife to prove the adultery with the defendant for which the action was brought. It was adjudged, that the testimony of the witness was properly admitted. Bronson, J., in giving the opinion of the court, says: "In the case at bar, the witness was not called *against* her former husband, nor was she asked to betray any trust or confidence which he had reposed in her during the coverture. The fact, which she was offered to prove, did not even come to her knowledge in consequence of the marriage relation. And although she was called by the husband, yet as the marriage had been dissolved, she had no interest to speak in his favor. I see no principle on which the testimony could have been rejected." There are other cases, which, though not so directly in point, yet favor somewhat this view of the case. *Hester* v. *Hester*, 4 Dev. 228; *Mc Guire* v. *Maloney*, 1 B. Mon. 224; *Stanton* v. *Willson*, 3 Day, 37.

In bastardy cases, from the necessity of the thing, a married woman has been constantly admitted to prove her own criminal intercourse, by which the child was begotten. *The King* v. *Reading*, Cas. Temp. Hardw. 79; *The King* v. *Bedell*, Ib. 379; *Commonwealth* v. *Shepherd*, 6 Binn. 283. If it were proper to admit the wife in these cases, to prove her criminal intercourse with the defendant, it would seem, that she might properly be admitted to prove the same fact in the present case.

*Exceptions overruled.*