## JACK *v.* RUSSEY.

Under the statute of 1852, (2 R. S. p. 82, s. 240,) "husband and wife are incompetent witnesses for or against each other, and they cannot disclose any communication from one to the other, made during the existence of the marriage relation, whether called as a witness while that relation exists or afterwards."

Nov. Term,
1856.

JACK
v.
RUSSEY.

But in a suit against the surviving partner of the husband, on a promissory note purporting to be made by the firm, where the wife was introduced to prove the partner's liability, and the communications to be disclosed, if any, were those of the partner,—the liability of the deceased husband not being in controversy,—*Held*, that she was a competent witness.

Interest does not now disqualify; but in this case, the estate of the husband being utterly insolvent, it did not exist.

APPEAL from the *Delaware* Circuit Court.

PERKINS, J.—Action upon a promissory note, reading thus:

"*Indianapolis, Dec.* 8th 1849. One day after date we promise to pay *S. H. Russey* or order the sum of 600 dollars for value received, without relief, &c., *Russey & Jack.*"

The action is against *Jack* as surviving partner, *Russey* having deceased.

*Jack* pleaded that at the time when said note was given, he and *Russey* were no longer partners; that *Russey* executed the note without the knowledge or consent of him, *Jack*, and for a consideration that never came to his use, &c.; whereupon he denied his liability, &c. This plea was sworn to by *Jack*. Issue was formed.

On the trial, the widow of *Russey*, the deceased partner, was introduced as a witness to prove *Jack's* liability on the note, to prove his participation in its execution, his acknowledgments, the consideration, &c. She was objected to but admitted.

It was proved that her husband was dead, and that his estate was utterly insolvent, so that it was matter of indifference to her whether that estate was held liable for the whole or the half of the note.

Our statute enacts (2 R. S. p. 82, s. 240) that, "Husband and wife are incompetent witnesses for or against each other, and they cannot disclose any communication from one to the other, made during the existence of the marriage relation, whether called as a witness while that relation exists or afterwards."

In this case the wife was not called as a witness, for or against her late husband, nor to make disclosures of

communications from one to the other. The suit was against *Jack*, and the question to be tried was as to his liability on the note, that of *Russey* being out of controversy, and the communications, if any, to be disclosed were those of *Jack*.

We think the witness was competent. Interest does not now disqualify, though it did not exist in this case. (1)

The instructions given were unexceptionable, and the judgment right upon the evidence.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. S. Buckles*, for the appellant.

*W. March*, for the appellee.

(1) The wife was a competent witness to testify to anything that came under her observation, the knowledge of which was not obtained through the privacy of the marriage relation, and she testified to nothing which the marriage relation would exclude. 1 Greenl. Ev. 453, s. 338; 1 C. and P.364, in 11 Eng. Com. Law R. 421; *Williams* v. *Baldwin*, 7 Vermont R. 506; *McGuire* v. *Maloney*, 1 B. Monr. 224; *Jackson* v. *Van Dusen*, 5 Johns. 144; *Jackson* v. *Bard*, 4 Johns. 230; *Saunders* v. *Hendrix*, 5 Ala. R. 224; 13 Pick. 445; 1 Hen. and M. 154.

A joint obligor and partner may be a witness in a suit against a co-obligor, and there is no reason why the widow of such a person should be incompetent, whatever may be the rule while the husband was alive. 3 Eng. Com. Law R. 409; *Blackett* v. *Weir*, 11 *id.* 257; 17 *id.* 466; 5 Maule and Selw. 71. There are authorities to the contrary, on the ground of interest; but under our present statute, interest does not disqualify.

But where the verdict is right irrespective of illegal evidence, it should stand. *Bush* v. *Seaton*, 4 Ind. R. 522; *Chase* v. *Kendall*, 6 Ind. R. 304.