## MERCER v. PATTERSON.

ASSIGNMENT OF ERROR.—On appeal to the Supreme Court, it may be assigned as error, that the complaint does not state facts sufficient to constitute a cause of action, although no demurrer has been filed in the lower court.

PROMISSORY NOTE.—*Special Demand.*—When a note is payable on·demand, a special demand for payment need not be averred in an action thereon.

PRACTICE.—*Suppressing Deposition.* — *Ground for New Trial.* — Where a motion is made to suppress a deposition, and the court takes the motion under advisement, until after verdict, and then sustains the motion, but on the trial excludes the deposition, and there is a motion for a new trial on the ground of the suppression of the deposition, this cause includes the ruling excluding the deposition as evidence.

EVIDENCE.—*Husband and Wife.*—*Statements of Husband.*—After the marriage relation has terminated, the wife may testify as to statements made during its existence in her presence to other persons, by her husband, but she may not testify to communications made to her in private by her husband.

APPEAL from the Rush Circuit Court.

BUSKIRK, J.—This action was originally brought by the appellee against the appellant and his·wife upon a note executed by them, but the action was dismissed as to Mrs. Mercer.

The appellant answered in three paragraphs; first, denial; second, that the note was executed without any consideration; third, that the appellee was the father of Mrs. Mercer, and father-in-law of appellant; that the appellee advanced to his daughter, the wife of the appellant, the sum of five hundred dollars, to aid appellant in the purchase of a farm; and that the note in suit was given simply as evidence of such advancement.

Reply in denial of second and third paragraphs of answer. Trial by the court, finding for plaintiffs, and, over motion for a new trial, judgment on finding.

The motion for a new trial was for the following causes: first, that the finding of the court is not sustained by sufficient evidence; second that the finding is contrary to law; third, that the court erred in suppressing the deposition of Nancy Patterson; fourth, newly-discovered evidence.

The appellant has assigned for error, first, because the complaint does not state facts sufficient to constitute a cause

of action; second, that the court erred in overruling motion for a new trial.

It is insisted by counsel for appellee that the sufficiency of the facts stated in the complaint can only be tested by a demurrer, and that the appellant, having failed to demur, cannot, for the first time, assign for error the insufficiency of the facts. It is expressly provided by the code, that such an assignment of error may be made, and such is the settled practice in this court.

The objection urged to the complaint is, that it does not aver a special demand of payment before the bringing of the action. It is claimed that, as the note was payable on demand, there should have been a special demand of payment. The position is untenable. *Bradfield* v. *M'Cormick*, 3 Blackf. 161; *Fankboner* v. *Fankboner*, 20 Ind. 62.

The complaint was good.

Did the court err in overruling the motion for a new trial?

One of the causes assigned for a new trial was the suppression of the deposition of Nancy Patterson. Before the trial commenced, the appellee moved to suppress said deposition, but the court took the motion under advisement, and did not announce a ruling on such motion until the finding was announced. The motion was sustained, and the deposition suppressed. It is shown by a bill of exceptions that the appellant, on the trial, offered to read in evidence said deposition, and that the appellee objected, and the objection was sustained, and the evidence excluded, to which the appellant excepted. It is urged by counsel for appellee that no question arises upon the record in reference to such deposition, because the reason assigned for a new trial was the suppression of said deposition, and not its exclusion as evidence, and that the question as to the suppression is not presented by a bill of exceptions.

It seems to us that, under the peculiar state of facts, the attention of the court below was properly called to the exclusion of such deposition. It is fully shown that appellant offered to read the deposition in evidence, and that it was

excluded.  The court, in announcing its finding, sustained the motion that had been made before going into trial to suppress such deposition.

The objection urged to the testimony of Mrs. Nancy Patterson is, that she testified to certain admissions or statements made by the appellee as to the advancement of five hundred dollars to his daughter, Mrs. Mercer, and that when such statements were made, the witness was the wife of the appellee, and that they had been divorced.  Mrs. Patterson testified that all of such admissions or statements, so far as they related to Mercer and his wife, were made to other persons in her presence and hearing.  The witness testified that, after one of these conversations, she had a private conversation with her then husband, in which she asked him if he intended to give five hundred dollars to his daughter Rebecca, without giving the same amount to his other children, and that he stated that he intended to give the same sum to each of his other children when the proper time arrived.

We are required to decide whether Mrs. Patterson was a competent witness.  If she was competent to testify to any of the matters stated in her deposition, then the court erred in suppressing and excluding the entire deposition.  If any portion of her testimony was incompetent, the motion to suppress should have been directed to such portion, and the objection to the admissibility of the same in evidence should have been confined to such incompetent part.  It is provided by the second section of the act in regard to witnesses, approved March 11th, 1867, that it shall not be competent for husband and wife to testify as to matters for or against each other, or as to communications made to each other during marriage, except, etc.   3 Ind. Stat. 560.

The appellee and Mrs. Patterson having been divorced, her testimony was not incompetent upon the ground that she was testifying either for or against her husband.  They had ceased to be husband and wife, and with the termination of that relation her incompetency ceased.

Can her testimony be regarded as a communication made to her by her husband during the marriage? The statute creates no new law. It re-enacts what was the well settled principle of the common law. It should be observed that the statute only excludes communications made to each other, and has no application to communications made to third persons in the presence and hearing of each other. The case of *McGuire* v. *Maloney*, 1 B. Mon. 224, is very much in point.

The court say: "It is, nevertheless, true that the policy of the law, subserving the fundamental interests of society, so far protects that privacy and confidence which are essential to the marriage relation, and necessarily spring from it, as not only not to allow, but to prevent, even after the termination of the coverture, any disclosure by the wife, in a court of justice, which implies a violation of the confidence which was reposed in her as a wife. The argument of the counsel for the appellant would go much farther, and seal the lips of the wife from disclosing any act or declaration of the husband, done or said in her presence, and especially in his own house. But neither the principles laid down by the elementary treatises referred to, nor any adjudged case which has been seen, nor the reason and purpose of the law require, or indeed authorize such an extension of the rule. The law will not permit, even after the death of the husband, any disclosure by the wife, which seems to violate the confidence reposed in her as a wife, lest such permission might tend to impair the harmony of the marriage state, and to affect, injuriously, the interests of society dependent upon it. But where there is not even a seeming confidence, when the act done or declaration made by the husband, so far from being private or confidential, is designedly public at the time, and from its nature must have been intended to be, afterward, public, there is no interest of the marriage relation or of society which, in the absence of all interest of husband or wife, requires the latter to be precluded from testifying between other parties, such act or declaration

not affecting the character or person of the husband. Accordingly, in the case of *Jackson* v. *Van Dusen*, 5 Johns. 144, the wife was permitted to prove a parol division between her deceased husband and his brothers, although her knowledge of the facts was, in part, derived from communications of her husband; and in the case of *Jackson* v. *Bard*, 4 Johns. 230, the wife was permitted to prove that a deed, purporting to have been executed by her husband and herself, was antedated.   In each of the cases of *Allison's Devisees* v. *Allison's Heirs*, 7 Dana, 90, and *Singleton's Devisees* v. *Singleton's Heirs*, 8 Dana, 315, the widow of the deceased testator was a witness in the contest between the heirs and devisees, to prove the acts and declarations of the deceased, which might affect the validity of the will."

To the same effect are the following authorities: *Cornell* v. *Vanartsdalen*, 4 Pa. St. 364; *Wells* v. *Tucker*, 3 Binney, 366; *Williams* v. *Baldwin*, 7 Vt. 503; *Coffin* v. *Jones*, 13 Pick. 441; *Saunders* v. *Hendrix*, 5 Ala. 224; *Jack* v. *Russey*, 8 Ind. 180; *Carpenter* v. *Dane*, 10 Ind. 125; *Woolley* v. *Turner*, 13 Ind. 253.

We are very clearly of the opinion that Mrs. Patterson was a competent witness as to the declarations and statements made by her then husband to third persons, in her presence, and that the communication made to her in private by her husband was privileged and incompetent.

The court erred in suppressing and excluding the deposition of Mrs. Patterson, for which the judgment must be reversed.

The conclusion to which we have arrived renders it unnecessary for us to notice the other questions discussed.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

*G. H. Punlenny*, *S. F. King*, and *J. Helm*, for appellant.
*G. B. Sleeth* and *A. B. Campbell*, for appellee.