## Floyd, Administrator, *v.* Miller.

Witness.—*Decedents' Estates.— Widow.— Husband and Wife.—Evidence.*—In an action to enforce the collection of a claim alleged to be due from the estate of a decedent, the widow is a competent witness as to any material fact in relation to such claim, of which she has personal knowledge, not communicated to her by the decedent during the marriage relation, and also as to any competent and relevant conversation in relation to such claim, had in her presence and hearing between the decedent and a third person.

Same.—*Sincerity of Offer to Prove.—Practice.*—The sincerity of a party to an action in offering to prove certain material facts relating to the matter in issue can be tested only in the court where such offer is made, and not in the Supreme Court on appeal.

Floyd, Administrator, *v.* Miller.

SAME.—*Partnership.*—*Dissolution of.*—*Promissory Note.*—In an action to enforce the collection, against the estate of a decedent, of a promissory note purporting and alleged to have been executed by the decedent and another as partners, in the partnership name, it is competent for the defendant to prove that such note had been executed by such other person, in the name of a partnership formerly existing between them, that such partnership had been dissolved and settled prior to the execution of such note, and that the proceeds of the same had resulted solely to the benefit of such person.

SAME.—*Costs.*—*Taxation of, on Claim Against Estate.*—Before a court is authorized, under section 62, 2 R. S. 1876, p. 512, of the act in relation to the settlement of decedents' estates, to tax against the claimant the costs accrued in enforcing the collection of a claim against a decedent's estate, it must appear that such claim was filed more than one year subsequent, not merely to the issuing of letters of administration, but also to the giving of due notice thereof.

SAME.—Where a claim filed more than one year subsequent to the issuing of such letters and the giving of such notice is allowed, the claimant is liable only for the costs made by himself, and not for those made by the defendant.

From the Bartholomew Circuit Court.

*J. B. McFadden, K. M. Hord* and *A. Blair,* for appellant.

*A. Major* and *S. Major,* for appellee.

HOWK, J.—In this cause, on the 10th day of October, 1872, the appellee filed his claim, duly verified, against the estate of said Benjamin M. Bowen, deceased, in the office of the clerk of the court of common pleas of Shelby county, Indiana.

The claim was presented and filed by the appellee, in the form of a verified complaint of thirteen paragraphs, against the appellant, as administrator *de bonis non* of the estate of said decedent. When filed, said claim was placed upon the appearance docket of said court of common pleas, and having been marked as " refused " by the appellant, said claim was duly transferred to the issue docket of said court, and afterward, by operation of law, to the issue docket of the Shelby Circuit Court, for trial. In this latter court, the cause having been put at

issue, was tried by a jury at the May term, 1874, of said court; but the jury, having failed to agree, were discharged without a verdict. Afterward, at the October term, 1874, of said court, the cause was again tried by a jury, and a verdict was returned for the appellant; but, on the appellee's motion for a new trial, the verdict of the jury was set aside and a new trial granted. At the May term, 1875, of said court, on the appellee's application, the venue of this cause was changed from said Shelby Circuit Court to the court below.

As necessary to a proper understanding of this cause, we give a summary of the facts alleged in the appellee's verified complaint, taken from the appellee's brief of the case in this court, which summary we have found, by comparison, to be substantially correct. This summary is as follows:

The complaint is for money paid by Miller, as surety for Bowen and Gregg. Gregg died before suit against Floyd, as administrator of Bowen, and was insolvent.

The complaint gives a history of the different transactions from its inception, through the different renewals to the close, or final payment by Miller.

It alleges, that, on the 14th of June, 1869, (the day the first note was given to the bank and money borrowed,) Gregg and Bowen were partners in the purchase and sale of cattle and hogs, and as such borrowed from the bank two thousand five hundred dollars, for which, on the 14th of June, 1869, Gregg and Bowen, with Miller as their surety, made their note of that date for two thousand five hundred dollars, payable to the order of ——— ———, in thirty days, at the bank, with ten per cent. interest. That the note was intended to be made to the bank as payee, delivered to it, etc.

On the 29th of July, 1869, after said note matured, Gregg and Bowen, with Miller as their surety, made their note in renewal of the first, for two thousand five hun-

dred dollars, at sixty days, similar in other respects to the former.

That, on the 10th of September, 1869, Bowen died. Gregg was appointed administrator of his estate.

That, on the 27th of October, 1869, when the last above mentioned note matured, the bank required payment of said last note, and Gregg, acting in the dual capacity of survivor and administrator, was unable to make payment, and asked to have the note renewed. Miller refused to put his name on a renewal, lest by so doing the estate of Bowen should be thereby discharged from liability to him on the note of the 29th of July, 1869.

That Elliott, president of the bank, and Gregg, administrator, represented to and assured said Miller, that the making of such renewal note would not discharge or release the estate of Bowen from such liability to said Miller, etc.

That, upon such assurance and upon the express understanding between said Miller and said Gregg, for himself and as administrator of said Bowen, that the making of such renewal note should not release or discharge the estate of said Bowen from liability to indemnify Miller from the payment of said indebtedness, and relying thereon, he, said Miller, as such surety, signed the renewal note of the date of the 27th of October, 1869, for the payment of two thousand five hundred dollars, etc.

The complaint further alleges, that, when the last note matured, Gregg paid nine hundred dollars thereof, and the first note of one thousand six hundred dollars was given in renewal of the unpaid residue of said last two thousand five hundred dollars, which one-thousand-six hundred-dollar note had been renewed from time to time by said Gregg, for himself and as administrator of Bowen, signed said renewal notes in the firm name of Gregg & Bowen, and said Miller as their surety, until said Gregg died, and that the last of said renewal notes, dated 7th of March, 1871, was paid off by said Miller on the 27th

of September, 1872. The principal and interest due on said last note amounted to one thousand eight hundred and eight dollars and eighty-eight cents.

There are other minor averments in the complaint, as that Miller received no part of the money borrowed, the insolvency of Gregg, etc., copy of note of the 29th of July, 1869, on the face of which is written: "Paid October 28th, 1869." Complaint was filed the 8th of October, 1872.

The appellant moved the court below in writing to strike out certain parts of the appellee's verified claim or complaint, which motion was overruled by the court, and to this decision the appellant excepted.

The appellant then demurred to appellee's claim or complaint, upon the following grounds of objection:

1. That it did not state facts sufficient to constitute a cause of action; and,

2. That there was a defect of parties defendants, in this, that William M. Moreland, administrator of the estate of Amos E. Gregg, deceased, should have been made a party defendant.

Which demurrer was overruled by the court below, and to this decision the appellant excepted.

The appellant then answered in seven paragraphs, the first being a general denial, and each of the other six paragraphs setting up affirmative matters by way of defence.

The appellee moved the court to strike out the second and fifth paragraphs of said answer, upon the ground that the matters alleged therein could be given in evidence, if true, under the general denial, pleaded in the first paragraph of said answer, which motion was sustained by the court, and to this decision the appellant excepted.

The third paragraph of the appellant's answer was a general plea of payment in full of the appellee's claim, before the commencement of this action.

In the fourth paragraph of his answer, the appellant

alleged, in substance, that, on the — day of September, 186–, the said Benjamin M. Bowen died intestate, of which fact the appellee had full knowledge; that, on the — day of October, 18—, Amos E. Gregg, as administrator of said Bowen's estate, and upon his own behalf, fully paid the second note in appellee's complaint mentioned, by executing the note of said Gregg, in the name and style of Gregg & Bowen, with the appellee as his surety; that said note, so executed by said Gregg and the appellee, was at said time accepted and received by said bank, as, for and in full payment, extinguishment and satisfaction of said last mentioned note, which was, in pursuance thereof, delivered up to said Amos E. Gregg, which payment and delivery of said note to said Gregg were done with the full knowledge and consent of the appellee; and that said Bowen had died long before the execution or payment of said note.

In the sixth paragraph of his answer, the appellant alleged, in substance, that, on the 29th day of July, 1869, the deceased, Amos E. Gregg, under the firm name and style of Gregg & Bowen, with the appellee as surety, executed their note of that date, a copy of which was therewith filed, in renewal of the former notes in the complaint referred to, which was delivered to the First National Bank of Shelbyville, who thereby became the owner and holder thereof; that afterward, on the 9th day of September, 1869, the said Bowen died intestate, and the said Gregg was duly appointed as the administrator of said Bowen's estate; and that afterward, on the 28th day of October, 1869, the said Gregg, in his own behalf and as said administrator, fully paid and satisfied the said note, by the execution of his other note, which was executed by him in the name and style of Gregg & Bowen, and the appellee as surety; that said last named note was, by said First National Bank, with the full knowledge of the appellee, accepted and received in full payment and satisfaction of said first named note, as was then and there

agreed by and between said Gregg and said bank, with the full knowledge and consent of the appellee that said note should be so paid, to the end that said Gregg might use said note as a voucher in his settlement of the estate of said Bowen; that, for said purpose, the said bank did, with the full knowledge of the appellee and at the request of said Gregg, endorse across the face thereof, " Paid Oct. 28th, 1869," a copy of which was therewith filed; and that, in pursuance thereof, said note was delivered up to said Gregg at that time, and fully paid and satisfied. Wherefore the appellant said the appellee should not recover in this suit, and demanded judgment for costs.

In the seventh paragraph of his answer, the appellant alleged, in substance, that, on June 4th, 1869, the appellant's intestate and Amos E. Gregg, both since deceased, were partners in the business of purchasing stock, and that they obtained the loan from the First National Bank, as alleged in the appellee's complaint, and that the appellee was their surety for said loan; but the appellant said that the appellee should not recover for the reason that after he had become the endorser on said loan, and after the death of said Bowen, the said Gregg, as administrator of said Bowen's estate, with the knowledge and consent of the appellee, fully paid and satisfied the said bank the full one-half of said note, by paying then and there the sum of thirteen hundred dollars out of the assets of said estate, and then and there discharged the residue thereof by giving his individual note with the appellee as surety thereon, and thereby took up and discharged the said original note; that, on the said individual note of said Gregg, the appellee was the surety of said Gregg, and not the surety of said Bowen, who had died long before said note was given; and the appellant said, that the said Benjamin M. Bowen did not execute the said last named renewal note described in the complaint, nor was said note executed by any person authorized by said Bowen to execute the same.

The appellee replied, by a general denial, to the third, fourth, sixth and seventh paragraphs of the appellant's answer.

The issues joined were tried by a jury in the court below, and a general verdict was returned for the appellee, assessing his damages in the sum of two thousand four hundred and thirty-nine dollars and ninety-five cents.

We give also the special findings of the jury on particular questions of fact submitted to them by the parties, under the direction of the court, using the affirmative instead of the interrogative mode of expression, in substance, as follows:

The appellee refused to sign the first renewal note, made after Bowen's death, until he was assured by Gregg and Elliott, the president of the bank, that the giving of such renewal note by the appellee and Gregg would not have the effect of releasing or discharging the estate of Bowen from liability on the note, about to be renewed, of 29th July, 1869. Nothing passed to the bank on account of said note of July 29th, 1869, except the renewal note, made 27th September, 1869, which the appellee refused to sign until assured such note would not relieve the estate of Bowen from liability. The appellee signed his name to the first note of two thousand five hundred dollars, signed with the names of Gregg & Bowen and William Miller, at the request of Bowen, and as the surety of said Gregg & Bowen. Gregg & Bowen were in partnership, in the purchase and sale of stock, in Shelby county, on the 14th day of June, 1869, and before and after that date. Bowen knew during the summer of 1869, before his death, that Gregg had been drawing checks on the First National Bank, in the name of Gregg & Bowen. Gregg & Bowen were partners on the 14th of June, 1869. They did not dissolve their partnership on the 9th of April, 1869. No second partnership was entered into by them. Bowen died on the 9th of September, 1869. On the 28th of October the officers of the

First National Bank of Shelbyville, Indiana, and the appellee, and said Gregg, each and all, had knowledge of the fact that Bowen had long since been dead. John Elliott, the president of said First National Bank, of Shelbyville, endorsed across the face of the note dated July 29th, 1869, when the same was renewed on the 28th of October, 1869, the following statement: "Paid Octo. 28th, 1869," in the presence of the appellee and Amos E. Gregg, and said note was then delivered up to said Gregg by said bank. At the time the note dated 29th July, 1869, was taken up, Gregg refused to deliver it to the appellee, and assigned as a reason then and there, that he wanted it to use so he could get a credit therefor in the settlement of Bowen's estate, that Bowen's estate owed one-half, and he wanted to get credit therefor. Gregg agreed with the appellee that Bowen's estate should be liable for the note. The conversation between the appellee and said Gregg, about the liability of Bowen's estate, occurred on the 28th of October, 1869, when the note marked paid was taken up. Gregg and Elliott, in the conversation referred to by the witnesses, the appellee and Stewart, as having occurred in the bank, assured the appellee that the renewal of the note would not release Bowen's estate.

The appellant moved the court below for judgment in his favor, on the special findings of the jury, notwithstanding the general verdict for the appellee, which motion was overruled, and to this decision the appellant excepted. Appellant then moved the court, on written causes filed, for a new trial, which motion was also overruled, and to this decision he excepted. Appellant also moved the court to tax all the costs of the action against the appellee, for the reason that his claim in this action, against the said Bowen's estate, was not filed within one year after the granting of letters of administration upon said estate, which motion was overruled, and appellant excepted to this decision.

A judgment was then rendered by the court below, in favor of the appellee and against the estate of the appellant's intestate, for the amount of the verdict and costs, from which judgment this appeal is now here prosecuted.

In this court the appellant has assigned as errors the following decisions of the court below:

1. In overruling his motion to strike out parts of appellee's complaint;

2. In overruling his demurrer to said complaint;

3. In sustaining appellee's motion to strike out the second and fifth paragraphs of his answer;

4. In overruling his motion for the taxation of all the costs of this action against the appellee; and,

5. In overruling his motion for a new trial.

In his argument of this cause in this court, the appellant's learned attorney has passed over, in silence and without the slightest notice, the first three of these alleged errors of the court below. In accordance with the settled practice of this court, we regard this silence of the appellant's counsel as equivalent to an express waiver of those errors, even if they existed; and, therefore, we neither consider nor decide any questions thereby presented. *Breckenridge* v. *McAfee*, 54 Ind. 141; *Graeter* v. *Williams*, 55 Ind. 461; and *Roche* v. *The Roanoke Classical Seminary*, 56 Ind. 198.

In considering the questions presented by the last two of the alleged errors, we will pass upon and decide only those questions which the appellant has presented for decision in his argument of this cause in this court; and, in so doing, we will take up and consider those questions in the same order in which his counsel has presented them.

On the trial of this cause in the court below, the material, important and controlling question in issue was, whether or not, on the 14th day of June, 1869, (the day the first note mentioned in appellee's complaint was given to the bank and money borrowed thereon,) the appellant's intestate, Benjamin M. Bowen, since deceased, and

Amos E. Gregg, also since deceased, were partners in the purchase and sale of cattle and hogs, and as such partners, under the firm name of Gregg & Bowen, executed said note and borrowed money thereon from the bank. On this question, the appellee alleged the existence of said copartnership, on said 14th day of June, 1869, the date of said note, and had the burthen of the issue. The appellant denied the existence of any partnership between the said parties on or after the day named. In the progress of the trial of the cause, the appellant, to maintain his defence, introduced as a witness in his behalf Mrs. Melvina Bowen, the widow of appellant's intestate. It appears from the bill of exceptions in the record, that, after Mrs. Bowen had testified on the trial, that she was the widow of said Benjamin M. Bowen, deceased, who died on the 9th day of September, 1869, and that she knew the appellee, William Miller, "the judge presiding at the trial, of his own motion, suggested that the witness was incompetent to testify in the cause, giving as a reason for such ruling, that she is the widow of said decedent, and, for that reason alone, is incompetent to give testimony in this cause." Thereupon the appellant offered to prove by the witness, Mrs. Bowen, "that, to her own certain knowledge, there was no partnership existing between her husband, Benjamin M. Bowen, and said Amos E. Gregg, after the 6th day of April, 1869; that, to her certain knowledge, the partnership prior to that time was dissolved about the 1st of April, 1869, which facts she can testify to independent of any communication from her said husband; that her husband was not engaged in any business, buying or selling stock or grain, either by himself or agent, from the 9th day of April, 1869; that his health was such that he was never out of the presence and sight of the witness from, say, the 15th day of April, 1869, to the time of his death; that he was [never] away from her but three times during said period, and that, on each of said occasions, witness was not out

of his sight and hearing; and that she was present at the conversation between her husband and Hiram Cole, as testified to by Cole at that trial; that the conversation, as it occurred, and what was said by her said husband to said Cole, was, 'How are the cattle that Amos Gregg bought of you getting along?' and that, in said conversation, no reference or indication was made as to the ownership by her said husband of any interest with said Gregg in said cattle, as testified by said Cole."

"Thereupon the said court, of his own motion, and over the objection of the defendant and without objection from the plaintiff, ruled said evidence incompetent and refused to allow said witness to testify further, to which ruling of the court the said defendant then and there objected and excepted."

The evidence offered by the appellant, or the major part thereof, was material and relevant, and the witness, Mrs. Bowen, after the death of her husband and the dissolution of the marriage relation, was clearly competent to testify to any and all matters of fact within her personal knowledge, and which were not communicated to her by her husband during the existence of the marriage relation, and to statements made to or by her husband during the marriage relation, by other persons in her presence, when such statements were relevant and material. *Mercer* v. *Patterson*, 41 Ind. 440, and authorities cited; *Griffin* v. *Smith*, 45 Ind. 366; and *Denbo* v. *Wright*, 53 Ind. 226.

The able and experienced attorneys of the appellee have not attempted, in their argument of this cause in this court, to defend the decision of the court below in the exclusion of Mrs. Bowen, as a witness, on the ground of her alleged incompetency, and in refusing to allow her to testify on behalf of the appellant; but they say, that the appellant's offer to prove certain stated facts by Mrs. Bowen was insincere. The only proper and legal mode, whereby the appellant's sincerity could be tested, was to

allow him to examine Mrs. Bowen, as a witness, on all material facts, of which she had personal knowledge, not communicated to her by her husband during the continuance of the marriage relation. It would have been well enough, probably, to have tested the appellant's sincerity in this mode in the court below; but, certainly, his sincerity in this regard can not be called in question for the first time in this court.

In our opinion, the court below erred in its decision, that Mrs. Bowen was an incompetent witness on the trial of this cause, and in excluding her evidence. This was an error of law occurring at the trial and excepted to, and was assigned by the appellant as a cause for a new trial in his motion therefor; and, for this cause, we think, a new trial of this action ought to have been granted.

In the course of the trial of this cause in the court below, the appellant introduced as a witness one Samuel Hamilton, and asked him the following question:

"What do you know, if any thing, of the final settlement and adjustment of the partnership affairs of the firm of Gregg & Bowen? If you know any thing, state what it was, when it was, who were present, and what transactions with reference thereto."

To this question the appellee objected, because of the incompetency of the evidence suggested by said question.

Thereupon the appellant offered to prove by the witness, that, "On the 6th day of April, 1869, Gregg and Bowen met together and had a full and complete settlement, adjustment and accounting of their partnership affairs; and on said day, and after said settlement and accounting, they drew out of his bank the balance due to said firm and divided the proceeds among themselves, and then and there dissolved the said firm of Gregg & Bowen;" and thereupon the appellee objected to the introduction of such testimony, which objection was then and there sustained by the court below, to which decision the appellant then and there excepted.

The ground of the appellee's objection to the offered. evidence, as stated in the record, as we have seen, was the alleged incompetency of the evidence. It seems to us, that the offered evidence was clearly competent; the weight, if any, to be attached to it, was a question, however, for the consideration of the jury. The point for decision, upon which the appellee's case, against the estate of the appellant's intestate, mainly rested, was this: Whether or not, on the 14th day of June, 1869, the day of the date of the said first note, the said Bowen, deceased, and the said Gregg, deceased, both of whom were living on the aforesaid day, were then copartners, as alleged in appellee's complaint, in the purchase and sale of cattle and hogs. The fact, that such a copartnership had at one time existed between these parties, was not questioned nor disputed by the appellant; but he claimed, that some two months prior to the date of the said first note, the said copartnership, before that time existing, was fully and completely settled and adjusted by and between the said parties, and that an accounting was then had of their partnership affairs; that a division was then made of their partnership funds, and that the firm of Gregg & Bowen was then and there dissolved.

These were the alleged facts, which the appellant offered and proposed to prove on the trial by the witness Hamilton. Of course, these facts, if proved, would not have been conclusive as to the question in issue; for, even if the copartnership had been fully settled and dissolved on one day, it would not have been impossible for them to have entered into another agreement of copartnership on the next day. But, although it would have been possible for them to have entered into such new contract of partnership, yet the probabilities, perhaps, were opposed to the idea of any such new contract. It was competent, we think, for the appellant to prove on the trial, that, in April, 1869, the said Gregg and said Bowen had a full and complete settlement and adjust-

ment of the copartnership then and before that time existing between them, and an accounting of their partnership affairs, that they then divided their partnership funds, and that they then and there dissolved their copartnership, as facts tending to prove, however remotely, that, on the 14th day of June, 1869, they, the said Gregg and the said Bowen, were not copartners in trade or business of any kind.

It seems to us, therefore, that the court below erred on the trial, in excluding the offered evidence of the witness, Samuel Hamilton; and, as this error was assigned as a cause for a new trial, in the appellant's motion for a new trial for this cause, we think, the motion should have been sustained.

Some other alleged errors of law, occurring at the trial and excepted to, in the admission of evidence, are complained of by the appellant, in his brief of this cause in this court. In our view of the case, however, these alleged errors are of but little importance in the final determination of this cause; and, as they may not occur on another trial of this action, we pass them by now, without any special comment or consideration.

The fourth error assigned by the appellant was, that the court below erred in overruling his motion to tax all the costs, which had accrued in this action, against the appellee. The grounds of this motion, as therein stated, were, that the appellee's claim or complaint, filed and sued on in this cause, was not filed for more than one year after the appointment of the administrator on the estate of the appellant's intestate. In support of his said motion, the appellant filed the affidavit of Alonzo Blair, Esq., to the effect following, to wit: That he was one of the counsel for the appellant, in this cause; that, to his certain knowledge, the appellee's action was not commenced, nor was his claim filed in the clerk's office for more than one year after the granting of letters of administration upon the estate of said Bowen, deceased;

and, with said affidavit and motion, the appellant filed a certified copy of the bond, oath and letters of administration upon said estate, granted to one Amos E. Gregg, as administrator thereof, on the 11th day of October, 1869.

This motion was evidently founded upon section 62 of the act providing for the settlement of decedents' estates, etc., approved June 17th, 1852, in which it is provided, *inter alia*, that " a succinct statement of the nature and amount of every claim, whether due or not, against the estate of any decedent, except judgments which are liens upon the decedent's real estate, and mortgages of his real or personal estate obtained and executed in his lifetime, and expenses of administration, must be filed in the office of the clerk of the proper court  *  *  *  within one year from the date of the first appointment of an executor or administrator therein, and notice thereof; or no cost shall be recovered therein against such executor or administrator." 2 R. S. 1876, p. 512.

As we have seen, it appears from the record of this cause, that an administrator of the appellant's intestate, Benjamin M. Bowen, deceased, was first appointed on the 11th day of October, 1869, and that the appellee's claim or complaint in this action was not filed in the office of the clerk of the proper court, until on the 10th day of October, 1872, or three years after the first appointment of an administrator of the estate of the appellant's intestate. Notwithstanding this lapse of time, however, between the appointment of the administrator and the filing of the appellee's claim in this cause, it is clear, we think, that no error was committed by the court below in overruling the appellant's motion to tax all the costs which had accrued in this action against the appellee. Our reasons for this conclusion are these:

1st. Because the affidavit in support of the appellant's motion failed to show, and the record did not disclose, that notice of the appointment of the administrator had

been given one year or more before the filing of the appellee's claim or complaint in the office of the clerk of the proper court. Section 33 of the said act for the settlement of decedents' estates, before referred to, provides, that "Every executor or administrator, within thirty days after his appointment, shall give notice thereof," etc., prescribing therein the modes of giving such notice. 2 R. S. 1876, p. 505.

Section 62, before cited, of said act requires, that every claim which ought to be filed against a decedent's estate, must be filed "within one year from the date of the first appointment of an executor or administrator therein, and notice thereof," or that the claimant or plaintiff should not recover costs against the executor or administrator. In this case, therefore, in order to prevent the appellee from recovering a judgment against the appellant for the costs of suit, it was necessary that the appellant should show to the satisfaction of the court, not only that the appellee's claim was filed in the clerk's office of the proper court one year or more from the first appointment of an administrator of the estate of the appellant's intestate, but also one year or more from the time that notice of such appointment had been given in one of the modes prescribed by law.

2. Even if it had been shown to the court below, that one year or more had elapsed from the time that notice, as required by law, had been given of the first appointment of an administrator of the estate of the appellant's intestate before the filing of the appellee's claim against said estate, in the office of the clerk of the proper court, still the appellant's motion for the taxation of costs would not have been well taken, and would have been properly overruled. For, even in such a case, the statute, as we construe it, does not contemplate a judgment against the claimant or plaintiff, for the costs made by the executor or administrator; but it simply provides, that, though the claimant or plaintiff in such a case may

recover judgment for his claim or cause of action, yet he shall not recover his costs. In such a case, if the claimant succeeds and recovers his claim, or any part thereof, each of the parties is left by the law to pay the costs made by himself; but of course, if the defendant succeeds, he recovers judgment for his costs against the claimant or plaintiff, as in any other case.

For the reasons given, therefore, we hold, that the court below did not err in overruling the appellant's motion in this cause for the taxation of costs.

'The judgment is reversed, at the appellee's costs, and the cause is remanded for a new trial.

Petition for a rehearing overruled.