IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1911, IN THE
NINETY-FIFTH AND NINETY-SIXTH YEARS
OF THE STATE.

---

MARTIN, GUARDIAN, *v.* CALDWELL ET AL.

[No. 7,348.   Filed November 28, 1911.]

1. GUARDIAN AND WARD.—*Decedents.—Sales of Land to Pay Debts.
—Complaint.*—In the absence of any averments showing a statutory right to settle the estate of the deceased ward, a guardian's petition to sell his deceased ward's real estate is insufficient, the guardian's ordinary duty, in such event, being to make his final settlement at once. p. 4.

2. PLEADING.—*Complaint.—Parties.—Demurrer.*—A demurrer for want of facts does not raise the question of plaintiff's legal capacity to sue; but it does question the sufficiency of the complaint in stating a cause of action in favor of the plaintiff in the capacity in which he sues. p. 4.

3. VENDOR AND PURCHASER.—*Deeds.—Delivery.—Setting Aside.—Complaint.*—A complaint by the guardian of a deceased ward alleging that such ward and her husband executed a deed to his land containing a reservation of a life estate in favor of both grantors and providing that such-"deed is not to be delivered to said grantees until after the death of the survivor of the grantors," that such husband delivered such deed signed by such husband and said ward to his executor to be delivered by him to the grantees upon the death of the survivor of the grantors, and asking partition on the ground that such delivery as to his ward was a nullity, is not sufficient, such delivery being without fraud and constituting a delivery by both grantors. p. 5.

4. DEEDS.—*Delivery.—Escrow.*—A deed delivered in escrow to be delivered to the grantee at the death of the grantor, is valid, such delivery legally constituting a delivery to the grantee. p. 6.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Cross-complaint by Charles F. Martin, as guardian of

Nancy Groover, deceased, against Harvey M. Caldwell and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*George W. Piersol,* for appellant.

*Enloe & Pattison, Darnell & Darnell* and *Thad S. Adams,* for appellees.

HOTTEL, J.—This appeal is from a ruling on a demurrer to a cross-complaint filed in an action begun by appellees to partition the lands described in the cross-complaint.

Appellant was made defendant in the court below upon his own petition, and filed his cross-complaint against plaintiff and his codefendants.

The averments of the cross-complaint are, in substance, as follows: The cross-complainant is the duly appointed and acting guardian of Nancy Groover, deceased, with authority from the Hendricks Circuit Court fully and finally to settle the estate of said ward. Said ward died intestate, February 24, 1909, the owner of an undivided one-third of real estate in Hendricks county, Indiana, particularly described, leaving personal property insufficient to pay the indebtedness against said estate, and it is necessary to sell said real estate to pay said debts. Said ward and her husband, James H. Groover, on May 9, 1899, signed and acknowledged a deed conveying said real estate, which deed is set out in full in said cross-complaint, and describes the same land described in the original complaint, and the same land as that in which cross-complainant is claiming the one-third interest, and contains the following provision:

"That the undivided one-half of said before-described lands is hereby conveyed to the Caldwell children, as before named, and the other undivided half thereof to the Gardner children, before named. The grantors James H. Groover and Nancy Groover hereby reserve the possession, use, rents and profits of said real estate so long as either of them shall live; that this deed is not to be delivered to said grantees until after the death of the survivor of the grantors."

Contrary to the express intention of said deed and without the consent, knowledge or authority of said ward, who held an inchoate interest in said real estate, and who signed and acknowledged said deed with said express reservations, said James H. Groover delivered said deed to Charles F. Martin for the benefit of the grantees therein named, and by such delivery the title to said real estate of said James H. Groover vested in said grantees. Said delivery of said deed was not the delivery by said Nancy Groover, and did not divest her of her title in and to said real estate, or in any manner affect her interest therein. On the death of said James H. Groover said Charles F. Martin caused said deed to be recorded, together with his authority for the delivery of said deed to the grantees, which authority is as follows:

"May 9, 1899.
I have this day delivered this deed to Charles F. Martin my chosen executor, and hereby authorize him to keep possession thereof until the death of the survivor of the grantors, at which time I direct him to deliver it to the grantees grandchildren mentioned.

his<br>James H. X Groover."<br>mark

The recording of said deed was unauthorized, and was without the knowledge or consent of the grantors in said deed, and vested no title or interest in the grantees therein. Said James H. Groover died testate in Hendricks county, Indiana, on October —, 1900, and left surviving, his wife and five children. By the terms of his will he sought to confirm his acts in regard to the deed conveying said described real estate, and said Nancy Groover accepted under his will, but such acceptance of said described real estate was of no force and effect.

Wherefore, defendant asks that his ward, Nancy Groover, deceased, be declared the owner of an undivided one-third of the real estate described in the complaint; that said real

estate be subjected to the indebtedness of said Nancy Groover, his costs in this case, and all other proper relief.

We think that the demurrer to this cross-complaint was properly sustained, for at least two reasons: (1) If deceased ward had any interest in the real estate described in the cross-complaint, her guardian would not be the proper person to assert the interest in the absence of averments in his complaint showing his right to settle such estate under §3070 Burns 1908, §2523 R. S. 1881. A guardian is a creature of statute, and must find his authority to sue in the provisions of the statute. *Campbell* v. *Fichter* (1907), 168 Ind. 645.

In the absence of authority to settle the estate of his deceased ward under §3070, *supra*, said guardianship was ended by the death of his ward, and his only duty then remaining was fully to account for and turn over to the proper person the estate of his said ward remaining in his hands. *Stumph* v. *Pfeiffer* (1877), 58 Ind. 472, 476; *Masters* v. *Jones* (1902), 158 Ind. 647.

But it is insisted by appellant that a demurrer for want of facts does not raise the question of legal capacity of the plaintiff to sue. This is true, but the complaint must show a cause of action in the party suing in the capacity in which he sues.

We think it clear that, under the statute and authorities cited, no cause of action is stated in appellant as guardian. But if it were conceded that appellant as guardian had authority to have the court adjudicate the interest of his deceased ward in real estate, and subject it to the payment of the debts of such ward, such right or interest would of course depend wholly on the right or interest of such ward.

In this case, we think it clear, under the allegations of the cross-complaint, that the deceased ward had no interest in said real estate.

Appellant insists that because the deed in which his ward joined, conveying her husband's lands, contained the pro-

vision before set out with reference to its delivery, 3. said husband had no right to deliver the deed without his wife's consent, and that the delivery to his chosen executor, Charles Martin, with the written instructions before set out, was a violation of the provisions of said deed, by which said ward was not bound, and that such delivery operated as a complete execution of the deed by the husband, and upon his death said ward was entitled to her inchoate interest in said land, viz., the one-third thereof. In other words, the contention of appellant is that the delivery of the deed by the husband, under the circumstances of this case, had the same effect as a conveyance in which the wife did not join, and that upon the death of the husband the wife became entitled to the one-third of the real estate so conveyed. It will be observed that this cross-complaint charges no fraud in connection with the transaction. It affirmatively shows that said ward signed and acknowledged the deed to said real estate.

The statute controlling upon this subject is as follows: "A surviving wife is entitled, except as in section seventeen [§2483] excepted, to one-third of all the real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law, and also of all lands in which her husband had an equitable interest at the time of his death: Provided, that if the husband shall have left a will, the wife may elect to take under the will instead of this or the foregoing provisions." §3029 Burns 1908, §2491 R. S. 1881.

Whether under the wording of this statute the averment of the cross-complaint that the deceased wife signed and acknowledged the deed is the equivalent of an allegation that she joined in the conveyance, and rendered the complaint insufficient, we need not decide, because, when taken in connection with other allegations, in the absence of any allegation of fraud, it is sufficient to show a delivery of the

deed by appellant's ward. The cross-complaint does not allege that said ward, after signing said deed, did not turn it over to her husband, but does affirmatively show that the grantors in said deed provided for the delivery thereof after the death of the survivor, and that on the same day the deed was made, possibly at the same time, the husband, with instructions in writing, delivered said deed to the then-chosen executor of his will. We think that under such circumstances a delivery by the husband to Martin was a delivery by both.

There was not a violation of the provision or condition of the deed by such delivery. The deed provided only that there should be no delivery to the grantees until the death of the survivor of the grantors, not that there should be no delivery to some third person for their benefit. The husband in delivering the deed to Martin expressly provided that he (Martin) should retain possession of the deed until the death of the survivor of the grantors, and then deliver it to the grantees. It is to be presumed that both grantors intended that title should pass by their conveyance. To hold that said clause in said deed means that the grantors should retain possession of such deed, and not deliver it to some third person for the benefit of the grantees, would be, in effect, to hold that such grantors intended their deed to be a nullity.

A deed executed by delivery to a third party to be by such party delivered to the grantees upon the death of the grantors is, in legal effect, a delivery to such grantees.

4. *Squires* v. *Summers* (1882), 85 Ind. 252; *Owen* v. *Williams* (1888), 114 Ind. 179; *Smiley* v. *Smiley* (1888), 114 Ind. 258; *Goodpaster* v. *Leathers* (1890), 123 Ind. 121; *St. Clair* v. *Marquell* (1903), 161 Ind. 56; *Stewart* v. *Weed* (1858), 11 Ind. 92; *Fewell* v. *Kessler* (1868), 30 Ind. 195.

In the case of *Somers* v. *Pumphrey* (1865), 24 Ind. 231, in a case affecting the wife's real estate, the Supreme Court

at page 243 said: "An actual delivery of the deed by Golvin Somers to Stineman, in the absence of fraud, would be deemed a delivery also by the wife. And according to the authorities, *supra*, the leaving of the deed at the recorder's office by Golvin Somers, one of the grantors, to be recorded, is, at least, a *prima facie* delivery to Stineman, such act being regarded by the law as an unconditional delivery to a third person, for the use of the grantee." See, also, 13 Cyc. 565.

If, in the absence of fraud, a delivery by the husband is sufficient when affecting the wife's real estate, it should certainly be sufficient to pass title to the husband's real estate.

There are other allegations in this cross-complaint which, when construed most strongly against the pleader, as the law requires, would materially weaken it, if not render it insufficient as against demurrer, but these we need not discuss.

Judgment affirmed.