BOARD OF COMMISSIONERS OF THE COUNTY OF HAMILTON
*v.* PARDUE, GUARDIAN, ET AL.

[No. 27,142. Filed October 17, 1938.]

*Cloe, Campbell & Cloe,* for appellant.

*Fred E. Hines,* and *Vestal & Shirts,* for appellees.

TREMAIN, J.—Mary E. Cottingham was, at the time of her death, an adult under guardianship as a person of unsound mind. Her personal estate did not exceed $500. The guardian reported the ward's death to the court, and the amount and condition of her estate, and, under direction of the court, proceeded to administer it without letters of administration as provided by Section 8-135 Burns' Ind. St. 1933, §3435 Baldwin's Ind. St. 1934. He did not cause notice to be published that he was proceeding to administer the estate without letters of administration. He filed a final report October 7, 1935, and published notice thereof.

During the ward's lifetime her guardian contracted with the appellant to keep the ward in the county infirmary in consideration of $150 per year. The ward died March 28, 1933. On October 10, 1935, the appellant filed exceptions to the report, together with its verified

claim for balance due under the contract. The claim had not been filed theretofore. Upon the trial the court found the facts specially and stated its conclusions of law thereon favorable to appellee.

Upon appeal the material question presented involves the construction and application of said Section 8-135 (§3435 Baldwin's), *supra*. In addition to providing for the administration of the ward's estate, upon her death, where the personal estate does not exceed $500, it further provides:

> "Claims against such estate shall be filed, litigated, or allowed and paid the same as in cases of executors and administrators, and distribution of the estate made under the same rules and regulations."

Directing attention to some of the provisions of the decedents' act, it will be noted that Section 6-1401 Burns' Ind. St. 1933 (§3200 Baldwin's Ind. St. 1934), defines the duties of executors and administrators, and provides that:

> "After six (6) months from the date of the giving of notice by such executor or administrator of his appointment every executor and administrator may, with the consent of the court in which such estate is pending, and at the end of one (1) year from the date of such letters, unless excused for cause by the court of his appointment, shall file in such court his final account."

Section 6-311 Burns' Ind. St. 1933 (§3067 Baldwin's Ind. St. 1934), requires the executor or administrator to give notice of his appointment. This notice is imperative and necessary in order to toll the time for filing claims. *Floyd, Administrator* v. *Miller* (1878), 61 Ind. 224, pp. 238, 239, 240.

Section 6-1405 Burns' Ind. St. 1933 (§3206 Baldwin's Ind. St. 1934), provides for notice of final settlement.

It is well settled that the death of a ward *en instante*

terminates the guardianship, and it then becomes the duty of the guardian to account fully for and turn over to the proper person the estate of his ward remaining in his hands, Sections 8-135 and 8-216 Burns' Ind. St. 1933, §§3435 and 3468 Baldwin's Ind. St. 1934. *Stumph* v. *The Guardianship of Pfeiffer* (1877), 58 Ind. 472; *Masters* v. *Jones* (1902), 158 Ind. 647, 64 N. E. 213; *Martin* v. *Caldwell* (1911), 49 Ind. App. 1, 96 N. E. 660.

Where the estate passes to the executor or administrator upon the death of the ward, all unsettled claims, either legal or equitable, created against the estate while under guardianship, may be settled and allowed out of the assets of his estate in the hands of the executor or administrator in the due course of administration. *Masters* v. *Jones, supra.*

The statute specifically provides that, where the personal estate does not exceed $500, the guardian shall settle without letters of administration, which are required if the personal estate exceeds $500. He did not settle the estate either as guardian or administrator, but as the agent of the court to make distribution of the small balance remaining from the guardianship. He may be required to file additional bond. (Sec. 8-135 Burns, Sec. 3435 Baldwin's, *supra.*) Claims shall be filed and litigated.

Executors and administrators are required by statute to give notice of their appointment and of filing the final report. Provision is made by Section 6-1001 Burns' Ind. St. 1933 (§3119 Baldwin's Ind. St. 1934), for filing claims against the estate. It is provided:

"... if such claim be filed after the expiration of six (6) months from the giving of notice by the executor or administrator of his appointment, it

shall be prosecuted solely at the cost of the claimant, and if not filed at least thirty (30) days before final settlement of the estate, it shall be barred . . ."

When the provisions of Section 8-135 Burns (§3435 Baldwin's), *supra,* are read in connection with the sections of the decedents' act, above referred to, it is clear that in case of the death of a ward with a personal estate not exceeding $500, the guardian shall proceed to administer the estate "under the same rules and regulations" applying to an executor or an administrator. That is, he must publish a notice that he is administering the estate without letters of administration in order that persons having claims may file the same within the time fixed by law. He must give notice of final settlement as required by the decedents' act. Such procedure plainly is contemplated by the statute. This construction is warranted by the language used in the provisions of the statute. The administration of the estate is commenced by publishing notice of the appointment of the administrator or executor, or, as in the instant case, that the guardian is administering without letters of administration. Until the notice is published the statute has not begun to run so as to fix a limit within which claims may be filed. This construction of the statute allows the same time within which to file a claim, after notice of administration without letters has been duly published, as in estates administered by an executor or administrator.

The judgment of the trial court is reversed with direction to restate its conclusions of law in accordance with this opinion.